IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-56-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| NELSON TRAVIS ALEXANDER | |
| Defendant. | |

## I. Synopsis

Nelson Travis Alexander was accused of violating his conditions of supervised release in four ways: (1) Mr. Alexander committed another crime while on supervised release; (2) Mr. Alexander was arrested for Intoxicated Pedestrian after being found walking along the side of a highway in an intoxicated state in violation of the condition that he refrain from the excessive use of alcohol; (3) the preceding violation resulted in another violation for committing another crime while on supervised release; and (4) Mr. Alexander assaulted a female while intoxicated. Mr. Alexander admitted to violations 1–3; however, Mr. Alexander did not admit to violation 4. The United States chose to pursue only the allegations related to the conditions Mr. Alexander admitted to violating. Mr. Alexander's

1

supervised release should be revoked. He should be placed in custody for eight months, with 22 months of supervised release to follow. Immediately upon his release, Mr. Alexander should be placed in the Montana Chemical Dependency Center in Butte, MT.

## II. Status

On July 8, 2013, Mr. Alexander pleaded guilty to assault resulting in serious bodily injury. On October 22, 2013, United States Chief District Judge Dana Christensen sentenced Mr. Alexander to twenty-seven months of custody, followed by 36 months of supervised release. (Doc. 24.)

Mr. Alexander's initial term of supervised release began on May 28, 2015. On July 28, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Mr. Alexander had violated the terms of his supervised release by submitting a urine sample that tested positive for marijuana and methamphetamine. Following the United States Probation Office's recommendation United States District Judge Brian Morris allowed Mr. Alexander to continue his supervised release. (Doc. 28.) On August 27, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Mr. Alexander had again violated the conditions of his supervised release by submitting a urine sample that tested positive for methamphetamine and

marijuana. Following the United States Probation Office's recommendation Judge Morris again allowed Mr. Alexander to continue his supervised release. (Doc. 29.) On October 22, 2015, the United States Probation Office submitted a petition for Warrant or Summons alleging that Mr. Alexander had violated the conditions of his supervised release by (1) submitting a urine sample that tested positive for marijuana and methamphetamine; (2) by failing to report for substance abuse testing; and (3) by failing to attend a phone interview that was required for his admission into to the Montana Chemical Dependency Center. Judge Morris issued the warrant. (Doc. 30.) On November 12, 2015, the undersigned presided over a revocation hearing. Based on the parties' proposal that Mr. Alexander return to White Sky Hope Center for substance abuse treatment, the undersigned continued the hearing until December 2, 2015. (Doc. 39.) On December 1, 2015, Mr. Alexander spoke with the undersigned via telephone and advised the Court that he was still waiting to get into the Montana Chemical Dependency Center. (Doc. 41.) A final hearing regarding Mr. Alexander's revocation was set for February 2, 2016. (Doc. 42.) On December 29, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Alexander's supervised release. In the petition, the Probation Office accused Mr. Alexander of violating the conditions of his supervised release by using alcohol and associating with a person convicted of

a felony. (Doc. 43.) Based on the petition, United States Magistrate Judge Jeremiah Lynch issued a warrant for Mr. Alexander's arrest. (Doc. 44.) On January 4, 2016, the undersigned presided over a revocation hearing and recommended a sentence of five months in custody followed by thirty months of supervised release. (Doc. 50.) On January 28, 2016, Judge Morris adopted the undersigned's recommendations. (Doc. 51.)

Mr. Alexander's current term of supervised release started on May 13, 2016. On June 7, 2016, the United States Probation Office filed a Report of Offender Under Supervision notifying the court that Mr. Alexander had violated the conditions of his supervised release by providing breath samples that showed that Mr. Alexander had consumed excessive amounts of alcohol. Mr. Alexander also tested positive for Benzodiazepine. Following the recommendation of the United States Probation Office, Judge Morris allowed Mr. Alexander to continue his term of supervised release.

**Petition**

On June 22, 2016, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that (1) Mr. Alexander committed another crime while on supervised release; (2) Mr. Alexander was arrested for Intoxicated Pedestrian after being found walking along the side of a highway in an intoxicated

4

state in violation of the condition of his release that he refrain from the excessive use of alcohol; (3) the preceding violation also resulted in another violation for committing a crime while on supervised release; and (4) Mr. Alexander assaulted a female while intoxicated. Based on the information in the petition, Judge Morris issued the warrant.

**Initial appearance**

Mr. Alexander appeared before the undersigned on June 23, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Alexander said he had read the petition and understood the allegations. Mr. Alexander waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned. Mr. Alexander admitted to three out of the four violations. The undersigned continued the hearing until July 6, 2016 to allow the United States to conduct investigations. Both parties moved to continue the revocation hearing until August 23, 2016. (Doc. 68.)

**Revocation hearing**

Mr. Alexander admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Alexander's

supervised release.

Mr. Alexander's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for 30 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence within the guideline range and requested that Mr. Alexander be sent to the Montana Chemical Dependency Center in Butte for treatment following his release. Mr. Weldon recommended a sentence within the guideline range with supervised release to follow.

### III. Analysis

Mr. Alexander's supervised release should be revoked because he admitted violating its conditions. Mr. Alexander should be sentenced to eight months of incarceration, with twenty-two months of supervised release to follow. Immediately upon his release, Mr. Alexander should be placed into the Montana Chemical Dependency Center in Butte. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Alexander was advised that the above sentence would be recommended

to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Cly's objection, if it is filed within the allotted time, before making a final determination on whether to revokehis supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. Nathan Thomas Alexander violated the standard conditions of his supervised release by committing additional crimes while under supervised release and by consuming excessive amounts of alcohol.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Alexander's supervised release and committing Mr. Alexander to the custody of the United States Bureau of Prisons for eight months, with twenty-two months of supervised release to follow. Following his release from custody, Mr. Alexander should be placed into the Montana Chemical Dependency Center in Butte for treatment.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 29th day of August, 2016.

John Johnston
United States Magistrate Judge