IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-56-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| NELSON TRAVIS ALEXANDER | |
| Defendant. | |

## I. Synopsis

Nelson Travis Alexander was accused of violating his conditions of supervised release by 1) failing to comply with his recommended treatment and having his treatment services contract inactivated, 2) using marijuana on two occasions, 3) consuming alcohol on three occasions, 4) failing to report contact with law enforcement to his probation officer, 5) failing to update his violent offender registry, 6) failing to contact his probation officer as directed following his release from Tribal custody, and 7) failing to fully pay the special assessment fee. Mr. Alexander admitted to violations 1-4, 6, and 7, but denied violation 5. The United States chose to pursue only the allegations related to the conditions Mr. Alexander admitted to violating. Mr. Alexander's supervised release should be

revoked. He should be placed in custody for three months, with no term of supervised release to follow.

## II. Status

On July 8, 2013, Mr. Alexander pleaded guilty to assault resulting in serious bodily injury. On October 22, 2013, United States Chief District Judge Dana Christensen sentenced Mr. Alexander to twenty-seven months of custody, followed by 36 months of supervised release. (Doc. 24).

Mr. Alexander's initial term of supervised release began on May 28, 2015. On July 28, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the Court that Mr. Alexander had violated the terms of his supervised release by submitting a urine sample that tested positive for marijuana and methamphetamine. Following the United States Probation Office's recommendation, United States District Judge Brian Morris allowed Mr. Alexander to continue his supervised release. (Doc. 28).

On August 27, 2015, the United States Probation Office filed a Report of Offender Under Supervision notifying the Court that Mr. Alexander had again violated the conditions of his supervised release by submitting a urine sample that tested positive for methamphetamine and marijuana. Following the United States Probation Office's recommendation, Judge Morris again allowed Mr. Alexander to

continue his supervised release.  (Doc. 29).

On October 22, 2015, the United States Probation Office submitted a Petition for Warrant or Summons alleging that Mr. Alexander had violated the conditions of his supervised release by 1) submitting a urine sample that tested positive for marijuana and methamphetamine; 2) failing to report for substance abuse testing; and 3) failing to attend a phone interview that was required for his admission into to the Montana Chemical Dependency Center.  Judge Morris issued the warrant.  (Doc. 30).  On November 12, 2015, the undersigned presided over a revocation hearing.  Based on the parties' proposal that Mr. Alexander return to White Sky Hope Center for substance abuse treatment, the undersigned continued the hearing until December 2, 2015.  (Doc. 39).  On December 1, 2015, Mr. Alexander spoke with the undersigned via telephone and advised the Court that he was still waiting to get into the Montana Chemical Dependency Center.  (Doc. 41). A final hearing regarding Mr. Alexander's revocation was set for February 2, 2016. (Doc. 42).

On December 29, 2015, the United States Probation Office filed a Petition asking the Court to revoke Mr. Alexander's supervised release.  In the Petition, the Probation Office accused Mr. Alexander of violating the conditions of his supervised release by using alcohol and associating with a person convicted of a

felony. (Doc. 43). Based on the Petition, United States Magistrate Judge Jeremiah Lynch issued a warrant for Mr. Alexander's arrest. (Doc. 44). On January 4, 2016, the undersigned presided over a revocation hearing and recommended a sentence of five months in custody followed by thirty months of supervised release. (Doc. 50). On January 28, 2016, Judge Morris adopted the undersigned's recommendations. (Doc. 51). Mr. Alexander's subsequent term of supervised release started on May 13, 2016.

On June 7, 2016, the United States Probation Office filed a Report of Offender Under Supervision notifying the Court that Mr. Alexander had violated the conditions of his supervised release by providing breath samples that showed that Mr. Alexander had consumed excessive amounts of alcohol. Mr. Alexander also tested positive for Benzodiazepine. Following the recommendation of the United States Probation Office, Judge Morris allowed Mr. Alexander to continue his term of supervised release.

On June 22, 2016, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that 1) Mr. Alexander committed another crime while on supervised release; 2) Mr. Alexander was arrested for Intoxicated Pedestrian after being found walking along the side of a highway in an intoxicated state, in violation of the condition of his release that he refrain from the excessive

use of alcohol; 3) the preceding violation also resulted in another violation for committing a crime while on supervised release; and 4) Mr. Alexander assaulted a female while intoxicated. (Doc. 58). Mr. Alexander was sentenced to eight months of custody, followed by twenty-two months of supervised release. He began the current term of supervised release on February 15, 2017.

**Petition**

On July 12, 2017, the United States Probation Office filed a Petition for a Warrant or Summons and Order alleging that Mr. Alexander had violated the conditions of his release. Violation 1 alleges that Mr. Alexander did not attend the scheduled treatment sessions at White Sky Hope Center, failed to report for a scheduled treatment appointment on June 5, 2017, and failed to contact his primary treatment counselor so that his treatment services contract is not inactivated. Violation 2 alleges that on May 31, 2017, Mr. Alexander admitted verbally and in writing to using marijuana on May 25, 2017, and again admitted the same on June 28, 2017. Violation 3 alleges Mr. Alexander admitted verbally and in writing to consuming alcohol on May 30, 2017, providing a preliminary breath test to a Havre Police Officer with a BAC of 0.271 on June 15, 2017, and admitting verbally and in writing to consuming alcohol on June 26, 2017. According to Violation 4, Mr. Alexander was found unconscious at Montana Lil's Casino in

Havre on June 15, 2017, and that while he was not arrested, he did have contact with law enforcement that he did not report to his probation officer. Violation 5 alleges Mr. Alexander failed to update his violent offender registry following his release on May 16, 2017, and that he was again warned to update his registry during a home visit on May 31, 2017, and he had not done so. Violation 6 alleges Mr. Alexander failed to contact his probation officer as directed following his release on February 15, 2017 and again on his later release on May 16, 2017. Finally, violation 7 alleges Mr. Alexander has only paid $25.00 of the $100.00 special assessment fee which was ordered at his original sentencing on October 22, 2013. (Doc. 76). Based on the allegations set forth in the Petition, Judge Morris issued a warrant for Mr. Alexander's arrest. (Doc. 77).

### Initial appearance

Mr. Alexander appeared before the undersigned on June 23, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Alexander said he had read the petition and understood the allegations. Mr. Alexander waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

### Revocation hearing

Mr. Alexander admitted to all of the violations except for violation 5.  The violations are serious and warrant revocation of Mr. Alexander's supervised release.

Mr. Alexander's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony.  He could be incarcerated for up to twenty-four months.  He could be ordered to remain on supervised release for twenty-two months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence within the guideline range and requested that Mr. Alexander be removed from supervised release.  Mr. Alexander addressed the Court and admitted his problems with alcohol and related his difficult living situation.  Mr. Weldon recommended a sentence within the guideline range with no supervised release to follow.

### III.  Analysis

Mr. Alexander's supervised release should be revoked because he admitted violating its conditions.  Mr. Alexander  should be sentenced to three months of incarceration, with no supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Alexander was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Alexander's objection, if it is filed within the allotted time, before making a final determination on whether to revokehis supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Nathan Thomas Alexander violated the standard conditions of his supervised release by 1) failing to comply with his recommended treatment and having his treatment services contract inactivated, 2) using marijuana on two occasions, 3) consuming alcohol on three occasions, 4) failing to report contact with law enforcement to his probation officer, 5) failing to contact his probation officer as directed following his release from Tribal custody, and 6) failing to fully pay the special assessment fee.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Alexander's supervised release and committing Mr. Alexander to the custody of the United States Bureau of Prisons for three months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of September, 2017.

John Johnston
United States Magistrate Judge